UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER FRANKE,
individually and on behalf of others
similarly situated,

       Plaintiff,

v.

FINANCIAL LEAD SERVICES, *et al.*,

       Defendants.
_____/

CASE NO. 1:12-CV-1374

HON. ROBERT J. JONKER

**<u>OPINION</u>**

This matter is before the Court on the parties' Joint Motion to Certify Class and Approve Class Settlement (docket # 107).[1] A hearing on the motion took place on November 24, 2014. The Court has thoroughly reviewed the record, including post-hearing supplements, and carefully considered the applicable law. The motion is ready for decision.

**Background**

This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). Defendant Financial Lead Services, LLC ("FLS") is a marketing company that obtains and resells marketing lists to debt settlement companies, including a debt consolidation company operating out of the same location as FLS, Complete Debt Settlement, LLC. (docket # 107, Page ID # 2074.) Dean Sundrla and Angela Cole are also defendants in this case. Plaintiff alleges that Mr. Sundrla was President, member, agent, and chief managing officer of both FLS and Complete Debt

---

[1] Defendants' consent to class certification is conditional on the Court's approval of the parties' Settlement Agreement.

Settlement (Am. Compl., docket # 28, at ¶ 6). Plaintiff alleges that Defendant Angela Cole was a manager of Complete Debt Settlement and an agent for FLS and Dean Sundrla. (*Id.*) Collectively, these four defendants are referred to as the "FLS Group."

Among other things, the FCRA restricts the access and use of consumer reports to certain "permissible purposes" the statute enumerates. 15 U.S.C. § 1681b. Plaintiff alleges that the FLS Group used marketing lists containing private financial information about consumers for impermissible purposes, in violation of the FCRA. (docket # 107, Page ID # 2074.) Plaintiff Franke's name and summary credit information appeared on a list of 56,000 names and summary credit information FLS purchased from Datamyx, LLC, a re-seller of credit reports. (*Id.* at Page ID 2075.) The names and summary credit information of Franke and approximately 8,000 other Michigan residents appeared on the list. (*Id.*) After purchasing the list, FLS (or the FLS Group) used the list to produce a mailer to promote its debt consolidation services. (*Id.*) The FLS Group denies that its purchase and use of the list violated the FCRA. The FLS Group contends that the list did not qualify as a consumer report and that its use of the list was for a permissible purpose under the FCRA.

## I. Motion to Certify Class

The parties propose certification of a class defined as:

> All residents within the State of Michigan whose consumer reports were acquired by the FLS Group from Datamyx along with Mr. Franke's and whose names are memorialized on spreadsheet 70053.

A complete list of class members is included on the record as a Restricted Access filing (docket # 112). A district court has discretion to determine whether a case may proceed as a class action under FED. R. CIV. P. 23. *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th

Cir. 2005) (citing *Mayer v. Malod*, 988 F.2d 635, 640 (6th Cir. 1993)). In determining whether class certification is appropriate, a district court must consider whether the action satisfies all four prerequisites of Rule 23(a) and at least one of the conditions in Rule 23(b). *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

### A. Rule 23(a)

To satisfy Rule 23(a), a plaintiff must demonstrate that the proposed class is so numerous that joinder of all members would be impracticable; that the case presents common issues of law or fact; that the proposed class representatives' claims are typical of the class; and that the proposed class representative will adequately protect the interests of the class. FED. R. CIV. P. 23(a); *In re Am. Med. Sys., Inc.*, 75 F.3d at 1080-1084.

There is no dispute that Plaintiff has satisfied the pre-requisites of Rule 23(a) in this case. The putative class numbers over 8,000 members, sufficiently numerous to make joinder impracticable. *See Herbert Newberg & Alba Conte*, Newberg on Class Actions, § 3:5 (4th ed. 2002) (class comprising 40 or more members presumed to be numerous). Questions of law and fact, including without limitation questions concerning whether the list at issue is a consumer report and the FLS Group's use of the list a permissible purpose under the FCRA, are common to the entire class. "The commonality requirement is satisfied if there is a single factual or legal question common to the entire class." *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). The class representative's claims are typical of the entire class, "arising from the same event or practice or course of conduct that gives rise to the claims of the other class members" and "based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082. The record reflects that "the representative part[y] will fairly and adequately protect the interests of the

3

class." FED. R. CIV. P. 23(a)(4). Here, the proposed class representative possesses the same interest as the rest of the class in resolution of the claims. "Class representatives are adequate when it appear[s] that [they] will vigorously prosecute the interests of the class through qualified counsel, which will usually be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (internal quotations and citations omitted). The qualifications of class counsel, attorney Ian B. Lyngklip, reflect that he is amply qualified to conduct the litigation. (Lyngklip decl., docket # 107-5.) For all of these reasons, the Court concludes that Plaintiff has satisfied the pre-requisites Rule 23(a) establishes.

### B. Rule 23(b)(3)

Under Rule 23(b)(3), a class action may be maintained if Rule 23(a) is satisfied and if:

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members interests' in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

In this case, the proposed class satisfies the requirements of Rule 23(b)(3).

In particular, common questions predominate. This is obviously true in the context of the proposed settlement, where the only real question is the fairness of the settlement. But looking

4

beyond the settlement issue itself, the merits of the parties' claims and defenses turn predominantly on whether the report at issue – which includes the name and information of all the proposed class members – is a consumer report within the meaning of the FCRA, and if so, whether Defendants had and used the report for a permissible purpose. Moreover, to the extent liability is established, damages would be predominantly a statutory matter independent of individual circumstances. The class mechanism is also superior to any other method of resolving the dispute. The number of potential plaintiffs is large, but the potential damages for any individual plaintiff is relatively small. This is the paradigm situation for class treatment. The Court foresees no particular difficulty in managing the case as a class action of Michigan plaintiffs.

For these reasons, the Court finds that certification of the proposed opt-out class under Rule 23(a) and (b)(3) is appropriate.

## II. Motion for Preliminary Approval of Settlement Agreement and Form of Notice

The parties seek preliminary approval of the proposed Settlement Agreement, to be followed by notice and a fairness hearing. The process used in federal practice involves two steps:

> Approval of class action settlements involves a two-step process. First, counsel submit the proposed terms of settlement and the court makes a preliminary fairness evaluation . . . . If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

Manual for Complex Litigation, § 30.41, at 236-37 (3d ed. 1995).

In deciding a motion for preliminary approval of a settlement under Rule 23, the Court "[c]onducts a threshold examination of the overall fairness and adequacy of the settlement in light

of the likely outcome and the cost of continued litigation." *In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. 330, 350 (N.D. Ohio 2001). The Court finds that the proposed Settlement Agreement satisfies this threshold examination. Under the proposed Settlement Agreement, the FLS Group would pay a total of $415,000 to a Class Administrator to be held for the benefit of the Class. That fund includes a common recovery fund of $300,000 (the "Settlement Fund") and $115,000 allocated for attorney's fees. The Settlement Fund would pay all costs associated with the administration of the Settlement Agreement and attorney's litigation costs. The Claims Administrator would pay an incentive award of $5,000 to the Class Representative from the Settlement Fund. The Settlement Agreement would release Dean Sundrla, together with his beneficiaries, heirs, and family members, and Angela Cole, together with her beneficiaries, heirs, and family members (collectively, the Individual Defendants); FLS; Complete Debt Settlement, LLC; Start New Financial, LLC; Start New Settlement; and any other entity in which the Individual Defendants have a controlling interest. The Settlement Agreement contains other provisions, which would also become effective upon final approval; the Court simply highlights the payment and release provisions because those are at the heart of the proposed Settlement Agreement. The Court is persuaded that the payment and release reasonably reflect the potential risks and rewards that would accompany pursuing the litigation to trial. The Court finds no reason to doubt that the parties reached the proposed settlement in good faith. There is no indication of fraud or collusion on this record. To the contrary, the record demonstrates intense, arms-length negotiations.

One issue the Court explored with the parties during the hearing is the move from a putative nationwide class of 56,000 persons, as originally pleaded, to a proposed settlement with a Michigan-only class of about 8,000 persons. The Court is satisfied that good-faith, arms-length negotiations

precluded any possible settlement of the full nationwide class. The Court is also satisfied that the interests of the non-Michigan members of the originally pleaded putative class are adequately protected with a proposed dismissal of those claims without prejudice. The claims of the non-Michigan putative class members have been tolled during the pendency of this case, and so any interested persons will still be able to bring their actions if they so desire.[2]

## Form of Notice

The parties have filed a proposed form of notice to be mailed to individual class members. Proper notice of a proposed settlement under Rule 23(e) "must inform class members (1) of the nature of the pending litigation, (2) of the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the Fairness Hearing." *Herbert Newberg & Alba Conte*, Newberg on Class Actions, § 11:53 (4th ed. 2002). The proposed form of notice meets all of these requirements. The proposed form of notice and the proposed method of dissemination are "reasonably calculated . . . to apprize interested parties of the pendency of the settlement proposed and to afford them the opportunity to present their objections." *Id.* The Court finds the proposed form and method of notice proper.

## Conclusion

For these reasons, the Court concludes that certification of the proposed opt-out class, preliminary approval of the Settlement Agreement, and the proposed form and method of notice are appropriate. The Court will enter an order consistent with this Opinion.

---

[2] For planning purposes, putative class members whose claims will ultimately be dismissed if the Michigan-only settlement is finally approved should expect the limitations period on their potential claims to begin running again as of the date of this Opinion. *See* Plaintiffs' Supplemental Brief Concerning Tolling (docket # 113).

Dated:      December 10, 2014              /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE